**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 5-90-DLB-MAS**
**CIVIL CASE NO. 24-59-DLB-MAS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**


**v.**                         **MEMORANDUM ORDER**
                    **ADOPTING REPORT AND RECOMMENDATION**


**RANDALL SUTTON**                                                    **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the October 8, 2024, Report and Recommendation ("R&R") of Magistrate Judge Matthew A. Stinnett (Doc. # 206), wherein he recommends that the Court deny *pro se* Defendant Randall Sutton's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. # 192). Defendant filed untimely Objections[1] to the R&R (Doc. # 212), the United States filed a Response (Doc. # 216), and the R&R is now ripe for the Court's consideration. For the following reasons, Defendant's Objections are **overruled**, the R&R is **adopted** as the Opinion of the Court, and Defendant's Motion is **denied**.

**I.     FACTUAL BACKGROUND**

On December 12, 2005, a federal grand jury returned an Indictment charging Defendant with (i) one count of armed bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(a)&(d) and 18 U.S.C. § 2; (ii) one count of use of a firearm in

---

[1] Defendant filed his Objections on November 22, 2024. (*See* Doc. # 21). Defendant acknowledged his untimeliness, stating that he thought he was supposed to file an appeal with the Sixth Circuit, which he had done on October 25th, 2024. (*Id*. at 1; *see also* Doc. # 207).

1

furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1); (iii) one count of being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1); and (iv) one count of forfeiture of firearms pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.  (Doc. # 1).  After Defendant pled guilty to Count 2 of the Indictment, and the United States dismissed all other Counts, this Court sentenced him to a 300-month term of imprisonment to be followed by 5 years of supervised release.  (Docs. # 132, 133 and 137).  Defendant's Judgment was entered on April 29, 2016.  (Doc. # 137).  Defendant immediately appealed his conviction and sentence, which the Sixth Circuit affirmed on July 10, 2017.  (Docs. # 138 and 152).  On October 6, 2017, Defendant filed a petition for writ of certiorari.  (Doc. # 154).  On November 14, 2017, the Supreme Court of the United States denied Defendant's petition.  (Doc. # 155).

On April 17, 2024, the Sixth Circuit permitted Defendant's habeas filings in the Eastern District of Kentucky, transferring his Motion from the Southern District of Ohio to this Court.  (Docs. # 189 and 192).  Defendant appears to challenge his § 924(c)(1) conviction on the merits, seemingly alleging the existence of new or undisclosed *Brady* material, but, as Judge Stinnett noted in his R&R, Defendant's arguments are "in truth [], difficult to discern."  (Doc. # 206 at 4; *see also* Doc. # 192).  In an Order dated April 23, 2024, Judge Stinnett observed that the Motion appeared to be untimely and ordered Defendant to file a written response addressing the issues of timeliness and equitable tolling within 30 days.  (Doc. # 194).  After both a show cause order (Doc. # 196) and an order for an extension of time (Doc. # 199), Defendant filed his Response (Doc. # 200), and the United States filed its Reply (Doc. # 205).  On October 8, 2024, Judge Stinnett issued his R&R.  (Doc. # 206).

## II.     REPORT AND RECOMMENDATION

Through his R&R, Judge Stinnett principally addressed the issue of whether Defendant's Motion was timely filed.  (Doc. # 206 at 3-5).  As Judge Stinnett noted, § 2255 provides "[a] 1-year period of limitations" for filing motions for collateral review, which runs from "the latest of" four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(*See id.* at 3 (citing 28 U.S.C. § 2255(f)(1)-(4)).  After outlining § 2255's limitations provision, Judge Stinnett observed that Defendant never addressed the issue of timeliness in his Motion.  (*Id.* at 4).  Judge Stinnett further observed that nothing in the record suggested that the grounds for delay articulated in § 2255(f)(2-4) would apply.  (*Id.* at 3).  Accordingly, Judge Stinnett only addressed whether the Motion was timely under § 2255(f)(1)—that is, whether Defendant filed the Motion within one year of his Judgment becoming final.  (*Id.*).

Judge Stinnett addressed whether Defendant's Motion was timely under § (f)(1) as follows.  First, Judge Stinnett noted that the Supreme Court denied Sutton's writ of certiorari on November 14, 2017.  (*Id.*).  Judge Stinnett then noted that "Sutton never contest[ed] that his motion [was] untimely" and that there was "no dispute that Sutton's

3

habeas petition, at best, was filed six years after the Supreme Court denied his writ of certiorari." (*Id.*).  Therefore, Judge Stinnett concluded that when Defendant filed his Motion on April 17, 2024, "Sutton's § 2255 petition [was] untimely." (*Id.*).

Judge Stinnett then addressed the issue of equitable tolling. (*Id.*).  As Judge Stinnett noted, § 2255's statute of limitations is non-jurisdictional and "equitable tolling of the limitations period may apply in appropriate § 2255 cases." (*Id.* at 3 (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010) and *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015)).  Judge Stinnett further noted that the limitations provision may be equitably tolled only if the movant "demonstrates *both* that he has pursued his rights diligently *and* that some extraordinary circumstance prevented timely filing." (*Id.* quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)) (internal quotation marks omitted and emphasis in original).

Upon his review of the Motion, Judge Stinnett determined that Defendant failed to make either of the above showings. (*Id.*).  Specifically, Judge Stinnett observed that Defendant "has made no effort to demonstrate that he has been pursuing his habeas right diligently or that some extraordinary circumstances stood in his way" that would have prevented his timely filing of the motion. (*Id.* at 5).  Judge Stinnett accordingly concluded that Defendant's Motion was untimely. (*Id.*).

Judge Stinnett also briefly observed Defendant's apparent attempt to "circumvent his timeliness problems" by raising new *Brady* arguments to Rule 20 transfer documents. (*Id.* at 4-5).  However, Judge Stinnett pointed out that such arguments "fall flat" as Defendant himself acknowledged that the evidence was filed in the Court record at Docket

4

Entry 111.  (*Id.* at 5 (citing Doc. # 202)).  Finally, Judge Stinnett recommended that a certificate of appealability should not issue.  (*Id.* at 4-5).

For these reasons, Judge Stinnett recommended that Defendant's Motion should be denied.

### III.     ANALYSIS

#### A.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  Under Federal Rule of Criminal Procedure 59(b)(1)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations."  The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation."  Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Failure to object is considered a waiver of the party's right to review.  Fed. R. Crim. P. 59(b)(2).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted).  Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object."  *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001).  "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply

summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).

### B.    Defendant's Objections

Defendant filed untimely Objections to the R&R.  (Doc. # 212).  Defendant's Objections are handwritten and formatted like his Motion, which, as noted above, makes it difficult to discern what claims and arguments he is raising.  (*See id.*).  Upon review, however, Defendant does not appear to contest whether § 2255(f)(1) is the applicable limitations provision or that Defendant's Motion was untimely under a straightforward application of that provision.  (*See id.*).  Instead, regarding issues of timeliness, Defendant appears to briefly state that the limitations provision should be equitably tolled due to extraordinary circumstances.  (*Id.* at 4).

Defendant, however, provides no support for his argument.  Rather, Defendant restates his *Brady* arguments raised in his original Motion.  Not only did Judge Stinnett already address the frivolity of this argument, but Defendant seems to concede Judge Stinnett's conclusions, stating that he can see the relevant docket entry in the Record, thus negating his claims of new evidence or potentially undisclosed *Brady* material.  *See EQT Prod. Co. v. Magnum Hunter Prod. Co.*, No. 5:16-cv-150-JMH, 2017 WL 4974782, at *2 (E.D. Ky. July 19, 2017) (objections that are general repetitive of arguments previously presented to the magistrate judge, or do "nothing more than state a disagreement with the magistrate's suggested resolution" are improper); *see also Bustetter v. CEVA Logistics U.S., Inc.*, No. 0:18-cv-58-DLB-EBA, 2019 WL 1867430,

at *2 (E.D. Ky. Apr. 25, 2019) ("'Vague, general or conclusory objections' are equivalent to 'a complete failure to object.'").

For these reasons, the Court concludes that Defendant has failed to show his entitlement to equitable tolling. And because Defendant's Motion is otherwise untimely, it is therefore **denied** on that basis.

## IV.   CONCLUSION

For the above reasons, **IT IS ORDERED** as follows:

(1)   The October 8, 2024, Report and Recommendation ("R&R") of Magistrate Judge Matthew A. Stinnett (Doc. # 206) is **ADOPTED as the Opinion of the Court**;

(2)   Defendant Randall Sutton's Objections to the R&R (Doc. # 212) are **OVERRULED**;

(3)   Defendant Randall Sutton's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. # 192) is **DENIED**;

(4)   For the reasons set forth in the R&R, the Court finds that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY will be issued**; and

(5)   The Court will enter a corresponding Judgment with this Order.

This 11th day of April, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2005\5-90 Order Adopting R&R.docx